UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PHILIP IGNATIUS MARCUS and WAYNE FORD, | : | Civil Action No.: 03-3276 (GEB) |
| Plaintiffs, | : | |
| v. | : | MEMORANDUM OPINION |
| JERRY SPEZIALE, et al., | : | |
| Defendants. | : | |

## I.  INTRODUCTION

This matter comes before the Court upon motion by Defendant Charles Meyers, Warden of the Passaic County Correctional Center (hereinafter "Defendant") seeking dismissal of all claims asserted against him in a Complaint filed by Plaintiffs *pro se* Philip Ignatius Marcus and Wayne Ford (hereinafter "Plaintiffs") pursuant to FED. R. CIV. P. 41(b). The Court, having considered Defendant's submission and having decided this matter without oral argument pursuant to FED. R. CIV. P. 78, and for the reasons discussed below, will grant in Defendant's Motion and dismiss with prejudice Plaintiffs' civil action in its entirety.

## II.  FACTS

Plaintiffs filed a Complaint with an Application to proceed *in forma pauperis* ("IFP") against Defendant and co-defendant Jerry Speziale, Sheriff of Passaic County on December 8, 2004. (Civil Action Docket, Entry # 4). Plaintiffs IFP Application was granted on December 10, 2004. (Id. at # 3). Thereafter, summons were issued pursuant to court order. (Id. at # 5). Written notifications of the order were individually sent to both Plaintiffs, and both notifications were returned as undeliverable. (Id. at #'s 6, 7). On January 24, 2005 and July 22, 2005 Jerry Speizale

and Defendant filed their Answers to Plaintiffs' Complaint. (Id. at #'s 8, 9). On May 4, 2006, this Court issued a Notice of Call for Dismissal pursuant to FED. R. CIV. P. 41.1(a). (Id. at #12). The Notices were mailed individually to Plaintiffs, and each were returned as undeliverable. (Id. at #'s 13, 15). On May 26, 2006, Defendant filed the instant motion. (Id. at # 14). Defendant attempt to affect service of the instant motion to Plaintiffs, to no avail. (Id. at # 17). To date, Plaintiffs have not communicated with this Court or either defendant. The first and only filing reflected on the Civil Action Docket from either plaintiff is the Complaint. No mailing has successfully reached either plaintiff, and no viable addresses are available to communicate with them. Defendant has attempted to discover the whereabouts of Plaintiffs with no success. (Defendant's Motion to Dismiss, p. 3).

### III.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure which addresses the involuntary dismissal of an action and claim provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules of any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rules, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. FED. R. CIV. P. 41(b).

A court may also raise a motion to dismiss an action under Rule 41 *sua sponte* under its inherent case management powers, and in this case has. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve

the orderly and expeditious disposition of cases."); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982). Although dismissal is an extreme sanction to be used in limited circumstances, *United States of America v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 161 (3rd Cir. 2003), dismissal is appropriate if a party fails to prosecute the action. FED. R. CIV. P. 41(b); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3rd Cir. 1995). Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3rd Cir. 1994); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640-641 (1976).

Courts generally consider six factors when determining whether or not to dismiss under Rule 41(b): (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). While keeping in mind the care with which courts must treat *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972), if a *pro se* plaintiff has been provided with ample opportunity and information to respond to a motion, but nevertheless has continually disregarded his obligations as a litigant, it is not beyond the discretion of a court to dismiss his claim. *Padro v. Heffelfinger*, 110 F.R.D. 333, 335-36 (E.D. Pa. 1986).

Having carefully reviewed these factors, this Court is persuaded that Plaintiffs' conduct warrants final dismissal of this case under FED. R. CIV. P. 41(b). Plaintiffs are *pro-se* litigants and have managed this case since its inception. They are responsible for the conduct of the case and cannot claim that the failure to prosecute resulted from the actions of their attorney(s). *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992).

In addition, the Court finds that there is a history of willful dilatoriness. The Court considers a party's conduct over the course of the entire case in assessing dilatoriness. *Adams*, 29 F.3d at 875. Plaintiffs failure to accept any service, to respond to any motion, including this Court's Notice of Call and Defendant's Motion to Dismiss, as well as their failure to contact the Court or either defendant demonstrates Plaintiffs' pattern of dilatory conduct and willfulness in failing to meet their obligations as plaintiffs of a civil action.

This Court notes that in assessing the possibility of alternative sanctions under *Poulis*, that It has given Plaintiffs the maximum opportunity to comply, and concludes that lesser measures, such as orders to compel or giving Plaintiffs further opportunities to appear would be ineffective in light of the Court's and defendants repeated efforts to contact Plaintiffs and to avoid dismissing the action.

The inclusion of the other *Poulis* factors are largely neutral and do not change the Court's conclusion that the balance of the *Poulis* factors supports dismissal of this action.

## IV.   CONCLUSION

The Court, based on the foregoing, shall dismiss Plaintiffs' Complaint in its entirety with prejudice pursuant FED. R. CIV. P. 41(b).

s/Garrett E. Brown, Jr.
**HONORABLE GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

Dated:   July 10, 2006